# THE ATTORNEY GENERAL
## OF TEXAS
GERALD C. MANN    AUSTIN 11, TEXAS
JOHN BEN SHEPPERD
ATTORNEY GENERAL


Honorable John Q. McAdams
Commissioner, Department of Banking
Austin, Texas

Dear Mr. McAdams:                              Opinion No. 0-5451-A
                                              Re: Authority of National Banking
                                                  Associations to establish
                                                  banking facilities in military
                                                  camps and naval yards under
                                                  Section 10, of Public Law 603,
                                                  of the 77th Congress, also
                                                  whether State chartered banks
                                                  are given such authority under
                                                  this statute.

        You request our opinion with respect to the matters mentioned
in your letter as follows:

        "An opinion from your office is requested concerning
    the authority of national banks in establishing banking
    facilities in military camps and naval yards, alleged to
    have been provided by Section 10 of Public Law 603 of the
    77th Congress; also whether State chartered Federal Reserve
    Member banks and those non-member insured State banks are
    given equal authority under this statute with those oper-
    ating under national charter."

        In opinion No. 0-5451 under date of July 26, 1943, we advised
you with respect to the above cited subject matter assuming that S 1603
(U.S.C. Title 12, section 36) had been duly enacted, but which now appears
to be not the case. In truth S 1603 was defeated in the Congress.

        Section 265, Title 12, U.S.C. Annotated, which is the Act
referred to in your present inquiry and which was passed June 11, 1942,
is as follows:

        "All insured banks designated for that purpose by the
    Secretary of the Treasury shall be depositaries of public
    money of the United States (including, without being limited
    to, revenues and funds of the United States, and any funds
    the deposit of which is subject to the control or regulation
    of the United States or any of its officers, agents, or
    employees, and Postal Savings funds), and the Secretary is

hereby authorized to deposit public money in such depositaries, under such regulations as may be prescribed by the Secretary; and they may also be employed as financial agents of the Government; and they shall perform all such reasonable duties, as depositaries of public money and financial agents of the Government as may be required of them. The Secretary of the Treasury shall require of the insured banks thus designated satisfactory security by the deposit of United States bonds or otherwise, for the safekeeping and prompt payment of public money deposited with them and for the faithful performance of their duties as financial agents of the Government: provided, That no such security shall be required for the safekeeping and prompt payment of such parts of the deposits of the public money in such banks as are insured deposits and each officer, employee, or agent of the United States having official custody of public funds and lawfully depositing the same in an insured bank shall, for the purpose of determining the amount of the insured deposits, be deemed a depositor in such custodial capacity separate and distinct from any other officer, employee, or agent of the United States having official custody of public funds and lawfully depositing the same in the same insured bank in custodial capacity. Notwithstanding any other provision of law, no department, board, agency, instrumentality, officer, employee, or agent of the United States shall issue or permit to continue in effect any regulations, rulings, or instructions, or enter into or approve any contracts or perform any other acts having to do with the deposit, disbursement, or expenditure of public funds, or the deposit, custody, or advance of funds subject to the control of the United States as trustee or otherwise which shall discriminate against or prefer national banking associations, State banks members of the Federal Reserve System, or insured banks not members of the Federal Reserve System, by class, or which shall require those enjoying the benefits, directly or indirectly, of disbursed public funds so to discriminate. All Acts or parts thereof in conflict herewith are hereby repealed. The terms 'insured bank' and 'insured deposit' as used in this section shall be construed according to the definitions of such terms in section 264 of this title."

We will answer your questions in their inverse order.

1. The Act of Congress does not purport to confer any corporate power upon the State chartered institutions, nor indeed could it do so, for that would be beyond the Constitutional power of the United States as one not delegated by the States to the United States, under Article 10, of the Constitution of the United States.

Section 265 has for its purpose the regulation of depositaries of the public money. The proviso contained therein that the regulations stipulated shall not "discriminate against or prefer national banking associations, State banks members of the Federal Reserve System, by class, or which shall require those enjoying the benefits, directly or indirectly of disbursed public funds so to discriminate," could not by any reasonable construction be held to enlarge the corporate powers of State chartered banking institutions.

Section 16, Article XVI of the State Constitution contains the following paragraph:

"* * * No such corporate body shall be chartered until all of the authorized capital stock has been subscribed and paid for in full in cash. Such body corporate shall not be authorized to engage in business at more than one place which shall be designated in its charter. * * * * "

From this it follows that no State chartered banking institution may have a branch bank, or exercise the banking privileges through facilities for banking at any place other than the one named in its charter.

2. Neither does Section 265 of Title 12 purport to authorize national associations to establish branch banks at any place other than the place of its authorized domicile. It does not deal with such subject at all.

Whether or nor a national association would be violating any law of the United States or of the State in establishing a branch bank in this State is a question for the consideration of the law enforcement authorities of the State, and requires no answer in this opinion.

APPROVED OCT 14, 1943

/s/ Grover Sellers

FIRST ASSISTANT ATTORNEY GENERAL

APPROVED OPINION
COMMITTEE BY B.W.B. CHAIRMAN

OS:ff-ds

Yours very truly

ATTORNEY GENERAL OF TEXAS

By /s/ Ocie Speer
      Ocie Speer
      Assistant